## CAIN *v.* COMMERCIAL PUBLISHING COMPANY.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF MISSISSIPPI.

No. 797.   Submitted January 6, 1914.—Decided January 19, 1914.

Revolutions in the practice and efficacy of the right of removal of causes from the state to the Federal court will not lightly be presumed; and so *held* that the modification of the prior law and practice by the Judicial Code did not take from the Federal Court the power it has necessarily possessed to pass not only upon the merits of the case, but also upon the validity of the process on the question of jurisdiction over the person of the defendant.

Prior to the adoption of the Judicial Code it was settled that:

The right and the procedure of removal of causes are to be determined by the Federal law, *Goldey* v. *Morning News,* 156 U. S. 518; neither the legislature nor the judiciary of a State can limit either the right or its effect.  *Id.*

The Federal court has jurisdiction according to the Constitution and laws of the United States.  *Id.*

A suit must be actually pending in the state court before it can be removed; but its removal is not an admission that it was rightfully pending and that defendant can be compelled to answer.  *Id.*

After removal defendant can avail in the Federal court of every reserved defense, to be pleaded in the same manner as though the action had been originally commenced in the Federal court.  *Id.*

Exercising the right of removal and filing the petition does not amount to a general appearance.

These rules have not been altered by the adoption of §§ 29 and 38 of the Judicial Code.

The word "plead" in § 29 Judicial Code includes a plea to the jurisdiction.

Under the Conformity Act, § 914, Rev. Stat., a special appearance in a case removed to the Federal court from the state court of Mississippi does not become a general appearance because of the provisions to that effect in § 3946, Mississippi Code of 1906.

THE facts, which involve the construction and effect of §§ 29 and 38 of the Judicial Code, are stated in the opinion.

*Mr. Marcellus Green, Mr. Garner W. Green* and *Mr. Marcellus Green, Jr.,* for plaintiff in error:

This court has jurisdiction of this writ of error. Judicial Code, § 238; *Mechanical Appliance Co.* v. *Castleman,* 215 U. S. 437; *Davis* v. *Cleveland,* 217 U. S. 157.

Proceedings for removal are wholly the creature of statute, and the amendment of the Removal Acts (25 Stat. 433, §§ 108, 109, 110, 1 Desty's Fed. Pro., 9th ed.) by §§ 29, 38, Judicial Code, made the filing of a petition for removal a general entry of appearance, and require the party removing to plead or demur to the declaration, within thirty days after filing a copy of the record in the Federal court; and thereby, also, a plea to the jurisdiction of the court for want of proper service of the writ of summons in the state court was abolished.

The words, "plead, answer or demur to the declaration" cover both common law, code and equity proceedings, and mean a plea or demurrer to the declaration, and not one in abatement to the service of the writ.

A plea in abatement to the jurisdiction for want of service is a plea to the writ and not one to the declaration. *Thornton* v. *Fitzhugh,* 10 S. & M. (Miss.) 438; *United States* v. *Bell Tel. Co.,* 29 Fed. Rep. 17; *Chamberlain* v. *Lake,* 36 Maine, 388.

If the defect appears upon the face of the record a motion to dismiss the suit for want of service of the writ is a proper remedy. *Wabash Ry. Co.* v. *Brow,* 164 U. S. 280; *Goldey* v. *Morning News,* 156 U. S. 518.

The evils of delay and expense in the proceedings in removed causes, under the former Removal Acts, had grown up, and the amendment by Judicial Code, §§ 29, 38, was to expedite and compel a speedy hearing on the merits, and to abolish delay in removal proceedings under the practice theretofore prevailing, whereby a party could appear, either generally or specially, in his petition to remove (*Wabash Ry. Co.* v. *Brow, supra; Goldey* v. *Morning*

*News, supra*) in answer to the service of the summons, and apparently be in court and file 'his petition for removal on the ground of diverse citizenship, and thus defeat a speedy trial in the state court and then, after much delay, upon removal, defeat a trial in the United States court on the ground that the special appearance did not give jurisdiction.

The Statutes of Pleading, Practice and Procedure of Mississippi constitute a part of the jurisprudence of the United States courts when not in conflict therewith, and under § 3946, Code Miss. 1906, the filing of the petition for removal in the state court, even though a special entry of appearance, constituted a general entry of appearance, and upon removal, under §§ 29, 38 of Judicial Code, the defendant was compelled to plead to the declaration within thirty days after the filing of the record. Section 914, Rev. Stats.; *Boston & M. R. R. Co.* v. *Gokey*, 210 U. S. 155, 162; *Ia. Cent. R. R. Co.* v. *Hampton &c. Co.*, 204 Fed. Rep. 966.

A special is a general entry of appearance under § 3946, Code of 1906. *I. C. R. R. Co.* v. *Swanson*, 92 Mississippi, 485, 492. See also *York* v. *Texas*, 137 U. S. 15.

This Texas statute conflicted with the express provisions of the Federal statutes, especially as to the venue of the jurisdiction in the Federal court, and the Federal statutes were held to prevail, but only to the extent of the conflict. *Sou. Pac. Ry. Co.* v. *Denton*, 146 U. S. 202; *Galveston &c. Ry. Co.* v. *Gonzales*, 151 U. S. 496.

The rule followed in *Wabash Railway Co.* v. *Brow*, 164 U. S. *supra*, and *Goldey* v. *Morning News*, 156 U. S. *supra*, obtained in States other than those in which a statute like § 3946 of the Code of 1906 prevailed, and are distinguishable because of this fact, as well as because they arose before the amendment by the Judicial Code.

*Mr. Luke E. Wright, Mr. Lovick P. Miles, Mr. Roane Waring* and *Mr. Sam. P. Walker* for defendant in error:

The construction of the Judicial Code insisted upon by plaintiff in error would not only be in conflict with the express language of § 38 of that Code, but would overrule a long established practice and destroy a great right which, by repeated decisions of the Supreme Court of the United States, has become fixed in our people. *Mechanical Appliance Co.* v. *Castleman,* 215 U. S. 439; *Wabash West'n Ry.* v. *Brow,* 164 U. S. 271, 278; *Goldey* v. *Morning News,* 156 U. S. 518.

Prior to the Judicial Code, the right to plead to the jurisdiction of the court, and to have reversal in the Supreme Court of the United States for error in ruling upon such plea, was recognized and guarded carefully by Federal statutes.  Sections 1011, Revised Statutes, as corrected by act of February 18, 1875, c. 80; act of February 25, 1889, 25 Stat. 693, c. 236; act of March 3, 1891, 26 Stat. 826, 827, c. 517; Court of Appeals Act of 1891, as amended in 1897.

It has been expressly recognized that just such plea to the jurisdiction as was filed in the instant case, raised a question of jurisdiction reviewable by the Supreme Court of the United States.  *Remington* v. *Central Pac. R. Co.,* 198 U. S. 95; *Mechanical Appliance Co.* v. *Castleman,* 215 U. S. 440.

The statutes of Mississippi and the decisions of its courts are not conclusive upon Federal courts in determining whether the defendant was suable in the State of Mississippi, or whether the parties served were persons upon whom service of summons could be had, so as to give jurisdiction of the defendant.  Nor would any statute of Mississippi give jurisdiction where facts necessary to give a Federal court jurisdiction did not exist.  *Mechanical Appliance Co.* v. *Castleman, supra.*  See also *Peterson* v. *Chicago, R. I. & Pac. Ry. Co.,* 205 U. S. 364; *Green* v. *C., B. & Q. Ry. Co.,* 205 U. S. 530; *Wold* v. *Colt Co.,* 114 N. W. Rep. (Minn.) 243.

Mr. Justice McKenna delivered the opinion of the court.

Action for libel brought in the Circuit Court of Hinds County, First District, State of Mississippi. Plaintiff in error, as he was plaintiff in the action we will so refer to him, alleged himself to be a citizen of the State of Mississippi, that defendant in error, Commercial Publishing Company, referred to herein as defendant, published a libel against him in its "newspaper called the Commercial Appeal in the City of Memphis, State of Tennessee, but that the said Commercial Appeal has a large circulation throughout the State of Mississippi and all adjoining States and among foreign cities and also in foreign countries." $10,000 actual damages were prayed and $10,000 punitive damages.

Summons was issued and returned served by the sheriff of the county, as: "Executed personally on the Commercial Publishing Company" by delivering a copy to E. K. Williams, described as "its agent, at Jackson, Miss.," and to A. C. Walthall, described as "its correspondent, at Jackson, Mississippi."

Defendant filed a petition for removal of the action to the District Court of the United States, which petition stated the nature of the action, that plaintiff was a resident and citizen of Mississippi, that defendant was a corporation chartered under and by virtue of the laws of Tennessee, that the time for answering or pleading to the declaration had not expired, that defendant had not appeared therein and that defendant appeared only specially and for the sole purpose of requesting the removal of the cause to the District Court of the United States, and that it did not waive any objections or exceptions to the jurisdiction. A bond as required by law was duly given, which was approved, and an order of removal was duly made. The copy of the record was duly filed in the

District Court of the United States. The defendant then filed in the latter court a plea to the jurisdiction over the person of defendant, appearing specially for that purpose. The plea alleged that the state court had not acquired jurisdiction of the defendant, because (a) it was a corporation of the State of Tennessee, and that it had never taken out a license to do business in Mississippi, nor, at the time of the service of the summons, did it have an agent, office or place of business in Hinds County, State of Mississippi; (b) the persons upon whom service was made were neither agents nor officers of, nor in any relation to, defendant for the reason that defendant was not doing business in the State of Mississippi.

Plaintiff demurred to the plea, stating as grounds (1) that it was directed to the service of process and not to the declaration as required under § 29 of the Judicial Code; (2) no right exists to enter a special appearance in the Hinds County Circuit Court under the laws of the State of Mississippi, all appearances being general, even though process be invalidly served.

The demurrer was overruled and issue joined on the plea to the jurisdiction, and the court having heard the evidence decided that neither of the persons upon whom summons was served was such an agent of defendant that service upon him would give jurisdiction over the person of defendant, and thereupon found the issue for defendant.

Before judgment was entered plaintiff called up his motion for judgment for default because defendant had not pleaded or demurred to the declaration within thirty days after the filing of the copy of the record of removal as required by § 29 of the Judicial Code. The motion was overruled, the court reciting in its order that it was of "opinion that defendant was not required to plead or demur to the declaration unless the process of summons in the state court was duly served upon an agent of defend-

ant upon whom service of process was authorized to be made."

Judgment was then entered quashing the service of process and dismissing the action "without prejudice to the right of plaintiff to sue upon the causes of action set up in the declaration."

Plaintiff prayed a writ of error to this court upon the question of jurisdiction. It was allowed in open court, the court reciting that it was allowed on the question of jurisdiction only, the court having dismissed the action "on the sole question that the court had no jurisdiction of the action."

The question in the case is the simple one of what is the effect of §§ 29 and 38 of the Judicial Code. Section 29 provides for the filing of a petition for the removal of a suit from a state court to the District Court of the United States at any time before the defendant is required by the laws of the State to answer or plead, and the filing therewith of a bond for "entering in such District Court, within thirty days from the date of filing said petition, a certified copy of the record in such suit." It provides that, this being done, the state court shall accept the petition and bond and "proceed no further in such suit." It provides further that notice of the petition and bond shall be given to the adverse party and that "the said copy being entered within said thirty days as aforesaid in said District Court of the United States, the parties so removing the said cause shall within thirty days thereafter plead, answer or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court."

Section 38 provides that the District Court in suits so removed shall "proceed therein as if the suit had been originally commenced in said District Court, and the same proceedings had been taken in such suit in said

District Court as shall have been had therein in said state court prior to its removal."

The argument is that these sections abolish the practice declared in *Goldey* v. *Morning News*, 156 U. S. 518, and *Wabash Railway Co.* v. *Brow*, 164 U. S. 271. In the former case the following propositions were laid down: (1) The right and procedure of removal of actions from a state court are to be determined by the Federal law. (2) The legislature or the judiciary of a State can neither defeat the right nor limit its effect. (3) The act of Congress by which the practice, pleadings, and forms and modes of proceeding in actions at law in the courts of the United States are required to conform as near as may be to those existing in the state courts applies only to cases of which the court has jurisdiction according to the Constitution and laws of the United States. (4) A suit must be actually pending in a state court before it can be removed, but its removal to the court of the United States does not admit that it was rightfully pending in the state court, or that the defendant could have been compelled to answer therein; but enables the defendant to avail himself in the United States court of any and every defense duly and seasonably reserved and pleaded to the action (p. 524). "'in the same manner as if it had been originally commenced in said circuit court.'" The words quoted, it will be observed, are repeated in § 29, "District Court" being substituted for "Circuit Court."

In *Wabash Railway Co.* v. *Brow*, 164 U. S. 271, 279, it is said, "By the exercise of the right of removal, the petitioner refuses to permit the state court to deal with the case in any way, because he prefers another forum to which the law gives him the right to resort. This may be said to challenge the jurisdiction of the state court, in the sense of declining to submit to it, and not necessarily otherwise.

"We are of opinion that the filing of a petition for

removal does not amount to a general appearance, but to a special appearance only."

Subsequent cases have applied this ruling. *Mechanical Appliance Co.* v. *Castleman*, 215 U. S. 437, and cases cited therein.

It is contended, however, as we have seen, that §§ 29 and 38 of the Judicial Code have instituted a new and more expeditious practice. This is deduced from that part of § 29 which provides that the party desiring to remove a case shall make and file with his petition a bond for entering in the District Court within thirty days from the date of filing his petition a certified copy of the record, written notice thereof to be given the adverse party, and the copy of the record being so entered, "*the parties so removing the said cause shall, within thirty days thereafter, plead, answer or demur to the declaration or complaint in said cause. . . .*"

The purpose of these provisions, which are an amendment to the prior law, it is contended, is to expedite trials and preclude a defendant from preventing a speedy trial in the state court by removal proceedings and "then consume the time and expense and exercise of jurisdiction of the Federal court by invoking, by motion, the court's jurisdiction to dismiss the cause, and thus compel plaintiff to go upon a fool's errand." To prevent this consequence, it is further insisted, the record was required to be filed within thirty days from the date of filing the petition for removal, which, necessarily, it is said, would be in vacation, and that therefore the requirement that within thirty days after it is filed the defendant "shall plead, answer or demur to the declaration or complaint in said cause" necessarily means "a plea or demurrer to the declaration and cannot mean a plea in abatement to the service of the Writ."

It may be conceded that the purpose of the amendment was to secure expedition in the disposition of the

case, but a revolution in the practice and efficacy of the right of removal is not lightly to be inferred. And a revolution it would be. It would take from the Federal courts the power they have possessed under the cases cited, a power not only to pass upon the merits of the case but upon the validity of the service of process, that is, upon the question of jurisdiction over the person of the defendant. How essential this power is to the right of removal is obvious. Without it a State could prescribe any process or notice or a plaintiff, as in the pending case, serve process on a person having no relation with a defendant and compel him to submit to it and to a jurisdiction not of his residence, or give up his right to take the case to what in contemplation of law may be a more impartial tribunal for the determination of the action instituted against him and which it is the purpose of the removal proceedings to secure to him, and, it must be assumed, completely, not by surrender of any of his rights but in protection and security of all of them.

The weakness of plaintiff's contention is demonstrated not only when we consider all of the language of § 29, but the language of § 38, which provides that in all suits removed the District Court shall proceed therein as if the suit had been originally commenced in the District Court, "and the same proceedings had been taken in such suit in said District Court as shall have been had therein in said state court prior to its removal." In other words, the cause is transferred to the District Court as it stands in the state court and the defendant is enabled to avail himself in the latter court of any defenses and, within the time designated, plead to the action "in the same manner as if it had been originally commenced in said District Court." And these words, we have seen, were explicitly given such effect in the cited cases.

It is clear, therefore, that plaintiff gives too restrictive a meaning to the word "plead" in § 29. It must be con-

strued to include a plea to the jurisdiction, and, so construing it, all of the provisions for removal of causes become accordant and their purposes fulfilled—the right of a speedy disposition of the suit to the plaintiff and the right of the defendant to have all questions determined by the Federal tribunal.

Plaintiff further contends that under the Mississippi Code the filing of the petition for removal constitutes a general entry of appearance, that therefore, if § 29 does not compel the removing party to plead to the declaration within thirty days, "then, under § 914, Rev. Stat.; U. S. Comp. Stat. of 1901, p. 684, the 'practice, pleadings, forms and modes of proceeding' in the state court, adopted in the Federal court, would make the plea to the jurisdiction here in the District Court a general entry of appearance and would require a plea to the merits at the next term of the District Court under the Code of the State," because "a special is a general entry of appearance under § 3946, Code of 1906."

The contention is untenable. *Goldey* v. *Morning News,* and *Mechanical Appliance Co.* v. *Castleman, supra.*

*Judgment affirmed.*