HIGGINS et al. v. CALIFORNIA PRUNE & APRICOT GROWERS, Inc., et al.

(District Court, E. D. New York. March 3, 1924.)

1. **Removal of causes ⊙›112—Defendant may remove action to federal court without entering general appearance.**

   A defendant may remove an action from a state court to a federal court, under Judicial Code, §§ 29, 38 (Comp. St. §§ 1011, 1020), without entering a general appearance in so doing.

2. **Removal of causes ⊙›112—Defendants, who specially appeared, could question federal court's jurisdiction for want of service.**

   Defendants, who entered special appearance for removal of action from state court to federal court, could question federal court's jurisdiction to render default judgment more than 30 days after record of removal was filed in federal court, on ground that they were never served.

At Law. Action by William A. Higgins and Edmund S. Higgins against the California Prune & Apricot Growers, Inc., and others. On plaintiffs' motion for default judgment. Denied.

Myers & Goldsmith, of New York City (Emanuel J. Myers, of New York City, of counsel), for plaintiffs.

Pitkin & Rosensohn, of New York City (Wolcott H. Pitkin, of New York City, of counsel), for defendants.

GARVIN, District Judge. This is a motion by plaintiffs, appearing specially for the purpose of this motion, for judgment, upon the default of the defendants California Prune & Apricot Growers, Inc., Horatio G. Coykendall, Aaron Sapiro, David L. Levy, and Lawrence L. Levy, for failure to answer or plead to the complaint in this action, and that an assessment of damages against said defendants may be directed. These defendants, when the motion came on to be heard, specially appeared for the sole purpose of opposing the motion, upon the ground that the court has no jurisdiction over the persons of said defendants, and objected to the jurisdiction of the court to enter judgment by default.

The action was brought in the Supreme Court of the State of New York, Kings County, and was removed to this court on the ground of diversity of citizenship, so far as the defendants California Prune & Apricot Growers, Inc., Horatio G. Coykendall, Aaron Sapiro, David L. Levy, and Lawrence L. Levy (who entered a special appearance for the purpose of removal only) are concerned. None of them has been served with a summons. The plaintiffs contend that, inasmuch as more than 30 days have elapsed since the record on removal was filed in this court, and no answer, demurrer, or plea has been filed herein in behalf of such removing defendants, and no order granted extending their time to do so, the defendants in question cannot be heard in opposition to the motion now before the court.

The provisions of the federal Judicial Code which are relevant are as follows:

"Sec. 29. Whenever any party entitled to remove any suit * * * he may make and file a petition, duly verified, in such suit in such state court, * * * and shall make and file therewith a bond, with good and sufficient

surety, for his or their entering in such District Court * * * a certified copy of the record in such suit. * * * The said copy being entered within said thirty days as aforesaid in said District Court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court." Comp. St. § 1011.

"Sec. 38. The District Court of the United States shall, in all suits removed under the provisions of this chapter, proceed therein as if the suit had been originally commenced in said district court, and the same proceedings had been taken in such suit in said District Court as shall have been had therein in said state court prior to its removal." Comp. St. § 1020.

[1] It is well settled that a defendant may remove an action from a state court to a federal court without entering a general appearance in so doing. General Investment Co. v. Lake Shore & Michigan Southern Railroad Company, 260 U. S. 261, 43 Sup. Ct. 106, 67 L. Ed. 244. Section 38, supra, clearly provides that, when an action is removed to a federal court, it is as though it had been originally instituted therein. Applying that to the facts of the case at bar, the plaintiffs are seeking to enter judgment against defendants who have neither been served with process nor have appeared. Both sides rely upon the case of Cain v. Commercial Publishing Company, 232 U. S. 124, 34 Sup. Ct. 284, 58 L. Ed. 534, which holds that, when an action is begun in a state court and summons served, if defendant, appearing specially, removes the suit to the District Court of the United States, the defendant may file in the latter court a plea to the jurisdiction over the person of the defendant, appearing specially for that purpose. The court said, with reference to plaintiffs' contention that defendants were required to plead, answer, or demur within 30 days after the removal (232 U. S. at page 132, 34 Sup. Ct. 286):

"It is contended, however, as we have seen, that sections 29 and 38 of the Judicial Code have instituted a new and more expeditious practice. This is deduced from that part of section 29 which provides that the party desiring to remove a case shall make and file with his petition a bond for entering in the District Court within thirty days from the date of filing his petition a certified copy of the record, written notice thereof to be given the adverse party, and the copy of the record being so entered, 'the parties so removing the said cause shall, within thirty days thereafter, plead, answer or demur to the declaration or complaint in said cause.' * * *

"The purpose of these provisions, which are an amendment to the prior law, it is contended, is to expedite trials and preclude a defendant from preventing a speedy trial in the state court by removal proceedings and 'then consume the time and expense and exercise of jurisdiction of the federal court by invoking, by motion, the court's jurisdiction to dismiss the cause, and thus compel plaintiff to go upon a fool's errand.' To prevent this consequence, it is further insisted, the record was required to be filed within 30 days from the date of filing the petition for removal, which, necessarily, it is said, would be in vacation, and that therefore the requirement that within 30 days after it is filed the defendant 'shall plead, answer or demur to the declaration or complaint in said cause' necessarily means 'a plea or demurrer to the declaration and cannot mean a plea in abatement to the service of the writ.'

"It may be conceded that the purpose of the amendment was to secure expedition in the disposition of the case, but a revolution in the practice and efficacy of the right of removal is not lightly to be inferred. And a revolution it would be. It would take from the federal courts the power they have possessed under the cases cited, a power not only to pass upon the merits of the case but upon the validity of the service of process; that is, upon the

question of jurisdiction over the person of the defendant. How essential this power is to the right of removal is obvious. Without it a state could prescribe any process or notice or a plaintiff, as in the pending case, serve process on a person having no relation with a defendant and compel him to submit to it and to a jurisdiction not of his residence, or give up his right to take the case to what in contemplation of law may be a more impartial tribunal for the determination of the action instituted against him and which it is the purpose of the removal proceedings to secure to him, and, it must be assumed, completely, not by surrender of any of his rights but in protection and security of all of them.

"The weakness of plaintiff's contention is demonstrated not only when we consider all of the language of section 29, but the language of section 38, which provides that in all suits removed the District Court shall proceed therein as if the suit had been originally commenced in the District Court, 'and the same proceedings had been taken in such suit in said District Court as shall have been had therein in said state court prior to its removal.' In other words, the cause is transferred to the District Court as it stands in the state court and the defendant is enabled to avail himself in the latter court of any defenses and, within the time designated, plead to the action 'in the same manner as if it had been originally commenced in said District Court.' And these words, we have seen, were explicitly given such effect in the cited cases.

"It is clear, therefore, that plaintiff gives too restrictive a meaning to the word 'plead' in section 29. It must be construed to include a plea to the jurisdiction, and, so construing it, all the provisions for removal of causes become accordant and their purposes fulfilled—the right of a speedy disposition of the suit to the plaintiff and the right of the defendant to have all quesions determined by the federal tribunal."

[2] The court is of the opinion, therefore, that the case is authority for the proposition that a defendant who enters a special appearance may question the jurisdiction of the federal court, in any manner, after removal thereto. The defendants here are clearly seeking to do this very thing and to assert that the court has no jurisdiction to enter judgment against them as demanded by the plaintiffs for the reason that they were never served with summons. The point is well taken. The objection raised by the defendants is sustained, and plaintiffs' motion is denied.