### ZOLLER v. SMITH, LEVIN & HARRIS, Inc.

District Court, S. D. New York.

Sept. 7, 1939.

Kommel & Rosenberg, of New York City (Myron Kommel, of New York City, of counsel), for plaintiff.

James J. Mahoney, of New York City (Frederick L. Thielmann, of New York City, of counsel), for the motion.

CONGER, District Judge.

This is an application on the part of the defendant, to vacate and set aside the service of the summons and complaint upon the defendant, Smith, Levin & Harris, Inc. The summons and complaint were served upon Morris Levin, treasurer of the defendant, Smith, Levin & Harris, Inc., by delivering to and leaving with him personally, at the City of New York, on March 23, 1939, a copy of the summons and complaint herein.

The action was started in the Supreme Court of the State of New York, New York County. Thereafter, and before answer, the action was removed to the United States District Court on April 20, 1939; the action is now a pending action in this Court. The defendant, however, has not answered as yet, but has appeared specially and makes this application to set aside the service of the said summons on the ground that the defendant herein, Smith, Levin & Harris, Inc., was not, at the time of the service of the said summons, present and doing business in the State of New York.

The question before me is whether or not, on the said 23rd day of March, 1939,

436

the defendant corporation, a foreign corporation organized by and under the laws of the State of Pennsylvania, was doing business in the State of New York with sufficient permanency and regularity, to justify the inference that it was "present" in this State. If "present", then the service of process made in this case was good.

This question has been passed upon many times. What activity constitutes doing business in the State of New York, has been before this court and been passed upon frequently. I am satisfied, from the facts produced to me by the affidavits herein, that the defendant corporation was not doing business in the State of New York at the time of service of the summons upon its treasurer. The fact that the treasurer was in New York and lives here, does not, alone indicate that the corporation was doing business in the State of New York so as to be amenable to the process of the State of New York.

This defendant corporation is a separate legal entity, having no place of business in the State of New York, and performing no business functions in the State of New York. The fact that it may be closely allied with another corporation, a domestic corporation of almost similar name, it seems to me, has no bearing on the issue here. Each of them is a separate corporate entity. It is not within my province to pierce the corporate entity and to say, by reason of the facts disclosed in the affidavits, that the Pennsylvania corporation is doing business in the City of New York, because another corporation, a New York State corporation, closely allied to it, is doing business in the State of New York. It seems to me that the Pennsylvania corporation has its own separate use and function which it carries on in the State of Pennsylvania and not in the State of New York, and is therefore, not amenable to the process of the State of New York.

The fact that the defendant caused the removal of this action from the State court to the Federal court, does not constitute a general appearance or waiver of its rights herein. Cain v. Commercial Publishing Company, 232 U.S. 124, 34 S.Ct. 284, 58 L.Ed. 534; Federal Rules of Civil Procedure, Rule 81(c), 28 U.S.C.A. following section 723c.

The motion of the defendant herein is granted. Settle order on notice.