## TALLEY
v.
## AMERICAN BAKERIES CO.
(two cases).

Civ. A. Nos. 2268 & 2269.

United States District Court
E. D. Tennessee, N. D.
April 19, 1954.

Jennings, O'Neil & Jarvis, Knoxville, for plaintiff.

Frantz, McConnell & Seymour, Knoxville, for defendant.

ROBERT L. TAYLOR, District Judge.

Motion has been made by defendant that these cases be stricken from the jury docket, because of alleged non-compliance with Rule 81(c) of the Federal Rules of Civil Procedure, 28 U.S.C. The pertinent portion of Rule 81(c) is as follows:

"(c) *Removed Actions.* These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. * * * If at the time of removal all neces-

**392**

sary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition."

 "These rules" govern procedure *after* removal. They neither add to nor abrogate what has been done in the state court prior to removal. Rule 81(c), construed in the light of its opening sentence, makes provision for jury trial where the same has not been demanded prior to removal. A plaintiff whose case has been removed is not required to withdraw his complaint and file a new one. Nor is he required to re-file his exhibits to the complaint. Nor is he required to revise a complaint, which may be a lengthy one, merely because the Federal Rules provide that the complaint be short and plain. Rule 8. No practical reason appears for the view that a plaintiff who has demanded a jury prior to removal must do the same thing over again, after removal.

■■ "Upon removal of a cause, the federal court does not, in any way, act as a court of appeals. It takes the case precisely as it finds it, accepting all decrees and orders of the state court as adjudications." Guernsey v. Cross, C.C., 153 F. 827, 828. "When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court. 28 U.S. C.A. § 81; Cain v. Commercial Publishing Co., 232 U.S. 124, 34 S.Ct. 284, 58 L. Ed. 534." Savell v. Southern Railway Company, 5 Cir., 93 F.2d 377, 379, 114 A.L.R. 1261. "The transfer of the cause to the United States court gave the latter court control of the case as it was when the state court was deprived of its jurisdiction." Clark v. Wells, 203 U.S. 164, 171, 27 S.Ct. 43, 45, 51 L.Ed. 138. See, also, 5 Moore's Federal Practice 321, 322; Angel v. McLellan Stores Co., D.C.,

27 F.Supp. 893; Goade v. Vollrath, D.C., 81 F.Supp. 971.

■ It is the Court's opinion that the provision of Rule 81(c) applies only in those removed cases where a jury has not been demanded prior to removal. Nothing in the rule indicates the contrary, and the Court's view is in accord with the general rule that on removal the federal court takes the case as it finds it and proceeds from there.

Accordingly, an order will be prepared, overruling defendant's motion.