Floyd M. CARAWAY, Plaintiff,

v.

FORD MOTOR COMPANY, a corporation, Rudy Fick and Berl Berry, Defendants.

Civ. No. 10441.

United States District Court
W. D. Missouri, W. D.
Sept. 11, 1956.

Robert L. Jackson, Dean C. Allard, George V. Aylward, Kansas City, Mo., for plaintiff.

Lathrop, Richter, Blackwell & Parker, and Kuraner, Freeman, Kuraner & Oberlander, Kansas City, Mo., for defendants.

SMITH, District Judge.

On May 25, 1956, in the Circuit Court of Jackson County, Missouri, at Kansas City, plaintiff filed his action comprising two counts against the Ford Motor Company, Rudy Fick and Berl Berry. In the first count, he alleges violations by defendants of provisions of the Sherman Anti-Trust Act and the Clayton Act, Title 15 U.S.C.A. §§ 1–7, 12 et seq. and, in the second count, alleges fraudulent misrepresentations made by defendants to plaintiff for which they are liable in damages.

On June 13, 1956, defendants removed the cause to this Court, pursuant to 28 U.S.C.A. § 1441(b), providing for removal of civil actions of which district courts have original jurisdiction founded on a claim or right arising under the Consti-

tution, treaties or laws of the United States. Defendant Ford Motor Company, on June 15, 1956, and defendants Fick and Berry, on June 19, 1956, filed their separate motions to dismiss plaintiff's complaint, on the grounds that this Court lacks jurisdiction over the subject matter of Count One; that Counts One and Two fail to state a claim upon which relief can be granted; and that Count One is barred by the applicable statute of limitations of the State of Illinois.

The Court addresses itself to defendants' motion to dismiss Count One of plaintiff's complaint. Count One seeks to establish liability of defendants for violation of Title 15 U.S.C.A., more particularly Sections 1 to 15, and alleges that defendants unlawfully combined to, and did, discriminate against him and his interest in Safety Motors, Inc., a corporation engaged in the retail sales of Ford automobiles in Chicago, Illinois.

■ Section 15 of Title 15 U.S.C.A., vests District Courts with exclusive jurisdiction of federal antitrust actions. It was intended to provide broader and more effective relief, both substantively and procedurally, for persons and corporations injured by violations of the antitrust laws, by enlarging the remedies provided under those laws and enabling persons and corporations to maintain suits for damages sustained as a result of violations. This right to sue granted under Section 15 is to be exercised only in a "district court of the United States". Section 15, Title 15 U.S.C.A. This case was brought, however, in the Circuit Court of Jackson County, Missouri, and in so far as its purpose was to redress violations of the Sherman Anti-Trust Act and the Clayton Act that court could not entertain it. General Investment Co. v. Lake Shore & Michigan Southern R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Freeman v. Bee Machine Co., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509; D. E. Loewe & Co. v. Lawler, C.C.Conn., 130 F. 633; United Artists Corp. v. Ancore Amusement Corp., D.C.N.Y., 91 F.Supp. 132; Leonia Amusement Corp. v. Loew's Inc., D.C.N.Y., 117 F.Supp. 747.

■ As the state court was without jurisdiction over the subject matter, this Court cannot acquire jurisdiction over it by virtue of the removal. "The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction." Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 351, 66 L.Ed. 671.

■ If the state court lacks jurisdiction over the subject matter, the federal court, upon removal, acquires none, although it might in a like suit, originally brought there, have had jurisdiction. In General Investment Co. v. Lake Shore & Michigan Southern Ry. Co., supra [260 U.S. 261, 43 S.Ct. 117], Judge Van Devanter said:

"When a cause is removed from a state court into a federal court, the latter takes it as it stood in the former. A want of jurisdiction in the state court is not cured by the removal, but may be asserted after it is consummated. Cain v. Commercial Publishing Co., 232 U.S. 124, 34 S.Ct. 284, 58 L.Ed. 534; Cowley v. Northern Pacific R. Co., 159 U.S. 569, 583, 16 S.Ct. 127, 40 L.Ed. 263; De Lima v. Bidwell, 182 U.S. 1, 174, 21 S.Ct. 743, 45 L.Ed. 1041; Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671."

Consequently, since the Circuit Court of Jackson County had no jurisdiction of the subject matter alleged in Count One, and this Court acquires, upon removal, only that jurisdiction possessed by the state court, it follows that this Court is compelled to dismiss Count One for lack of jurisdiction over the subject matter. It is, therefore, Ordered that so much of the plaintiff's complaint as based the right to relief on asserted violations of the Sherman Anti-Trust Act and the Clayton Act, namely, Count One, be, and hereby is, dismissed; but the dismissal, being for want of jurisdiction, is without prejudice.

■ Count Two is not based on any claim or right arising under the Consti-

tution, treaties or laws of the United States, but is simply an action for fraudulent misrepresentation. Since no "federal question" is involved, this Court can assume jurisdiction only if the requisite diversity of citizenship is present. Count Two involves a controversy between plaintiff, a citizen of Missouri, and defendant Ford Motor Company, a Delaware corporation, and defendants Fick and Berry, citizens of Missouri. Definitely, diversity does not exist, at least as disclosed by the face of the pleadings. It is, therefore, Ordered that so much of plaintiff's complaint as seeks redress for fraudulent misrepresentation, namely, Count Two, be, and hereby is, remanded to the Circuit Court of Jackson County, Missouri, at Kansas City, from whence it was removed.

In view of the action here taken, the Court does not determine the other points presented in defendants' motion to dismiss.