Louis STIMLER, Mannie Stimler and G. & G. Caribe Manufacturers, Inc., Plaintiffs,

v.

YOSHIDA SHOJI CO., Ltd. and Yoshida Kogyo Kabushiki Kaisha (a/k/a Yoshida Kogyo Company, Ltd.), Defendants.

United States District Court
S. D. New York.
July 31, 1961.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for defendants; George Yamaoka, Francis Y. Sogi, William F. Suglia, New York City, of counsel.

Frederick E. M. Ballon, New York City, for plaintiffs.

MacMAHON, District Judge.

Defendants, two Japanese corporations, removed this action from Supreme Court, New York County, and now move to vacate service of the summons and complaint on the ground that they are not doing business in New York.

There is no merit to plaintiffs' assertion that mere removal by defendants constitutes a waiver of their right to object to the insufficiency of process. Cain v. Commercial Publishing Co., 1913, 232 U.S. 124, 125, 34 S.Ct. 284, 58 L.Ed. 534. Further, since the case originated in the state court, state law governs the validity of service. Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 1921, 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671; Bomze v. Nardis Sportswear, 2 Cir., 1948, 165 F.2d 33, 35.

Service was effected by delivering a copy of the summons and complaint to S. Sakai, the vice president of Yoshida International, Inc., a New York corporation with offices in the Southern District. Plaintiffs assert that the service is proper since Yoshida International, Inc. is the exclusive sales agent in the United States for the defendants and, as such, is a "managing agent" within the meaning of Section 229, subd. 3 of the New York Civil Practice Act. Service upon a managing agent is authorized when service cannot be made upon an officer of the foreign corporation or upon a designated public officer. Defendants concede that no such service can be effected.

It is clear under New York law that an exclusive sales agent is a "managing agent", Ameritex Development

Corp. v. Brown & Sites Co., Sup.1954, 135 N.Y.S.2d 478, and that a foreign corporation is properly served if its agent is doing business in New York even though the agent may be a separate corporate entity. Sterling Novelty Corp. v. Frank & Hirsch Distributing Co., 1949, 299 N.Y. 208, 211, 86 N.E.2d 564, 12 A. L.R.2d 1435.

■ Yoshida International, Inc. admits that it is doing business in New York, and, thus, the only issue is whether it is defendants' exclusive sales agent. Plaintiffs have submitted affidavits and exhibits reviewing the background of the dispute. The history is essential to understand Yoshida International's relationship to the defendants.

The defendants manufacture zippers, zipper components and zipper fabricating machinery in Japan. One of the plaintiffs visited Japan in 1959 and became interested in defendants' revolutionary "hidden zipper". Subsequently, through their American liaison agent, Harry Shinohara, defendants entered into a joint venture with the plaintiffs for the manufacture of zippers in the Virgin Islands using defendants' component parts.

Mr. Shinohara came to the United States and incorporated the Y.K.K. Zipper Co., Inc. in California. That Y.K.K. Zipper Co., Inc. was defendants' exclusive American agent is made clear by the following facts: (1) Mr. Shinohara registered the "Y.K.K." trademark in defendants' names; (2) Y.K.K. Zipper Co. and the two defendants all use "Fastener" as their cable address; (3) all three corporations have the same symbol on their letterhead, a globe crowned with the letters "Y.K.K."; (4) Y.K.K. Zipper Co. lists "Yoshida Kogyo Co., Ltd.", one of the defendants, as its alternate name; (5) Tadao Yoshida is the president of the two defendant corporations and is vice president of Y.K.K. Zipper Co.; and (6) the defendants' technicians, admitted to the United States on their certification to aid the Virgin Islands venture, were transferred from their payroll to Y.K.K. Zipper Co.'s.

Plaintiffs assert that Yoshida International, the New York corporation which was served, replaced Y.K.K. Zipper Co., the California corporation, when the Virgin Islands enterprise collapsed and that Yoshida International is now the defendants' exclusive American agent. These facts corroborate plaintiffs' assertion: (1) S. Sakai, who was served as vice president of Yoshida International, was one of the technicians admitted to the United States at defendants' request; (2) Sakai, plus Yoshida, defendants' president, and Shinohara, president of the now defunct Y.K.K. Zipper Co., met with plaintiffs to discuss a settlement after the venture collapsed; (3) Yoshida International, like the two defendant corporations, uses the symbol of a globe with the "Y.K.K." crown; (4) all three corporate names contain "Yoshida," the name of defendants' president; and (5) Yoshida International is described on its letterhead as "Manufacturers and Importers of Y.K.K. Zippers," listing branches in Osaka and Tokyo where defendants' plants are located. Since "Y.K.K." is defendants' trademark, Yoshida International could not use it without defendants' authorization. The letterhead description also substantiates plaintiffs' claim that Yoshida International exists solely to handle defendants' merchandise.

Despite these facts, defendants deny that they have any connection with Yoshida International. They do not rebut any of the particulars contained in plaintiffs' affidavit although the information is peculiarly within their own knowledge. Their unsubstantiated denials leave no doubt as to their actual relationship. See Sterling Novelty Corp. v. Frank & Hirsch Distributing Co., supra, 299 N.Y. at page 212, 86 N.E.2d 564.

In short, the apparent connection between the defendants and Yoshida International has not been explained but merely denied. S. Sakai's affidavit does not state what business Yoshida International does, which is the only effective way of rebutting plaintiffs' sworn assertion that it is the exclusive sales agent

of the defendants and in fact serves no other purpose.

As the exclusive sales agent, Yoshida International was defendants' local headquarters and service on the domestic agent is proper service on the foreign principal if the local agent is doing business here. Yoshida International admits it is doing business in New York, and since it operated on a continuous rather than on a sporadic basis, the requirements laid down by the New York Court of Appeals are met, Sterling Novelty Corp. v. Frank & Hirsch Distributing Co., supra, 299 N.Y. at page 212, 86 N.E. 2d 564, and the service made was proper under Section 229, subd. 3 of the New York Civil Practice Act.

Accordingly, the motion to set aside service is denied in all respects. So ordered.