## Chesapeake & Ohio Ry. Co. v. Eliza Patton and James Patton.

(Decided February 8, 1912.)

Appeal from Floyd Circuit Court.

Misjoinder of Actions—One for Tort and One for Breach of Contract—Election Required.—In the original · petition plaintiffs sought to recover damages for obstructing a passway they claimed across the land in controversy. This was an action in tort. In an amended petition they sought damages for failure on the part of the railroad company to maintain the grade crossing provided for in the deed conveying the right of way, this being one of contract. The court correctly held that there was a misjoinder and required plaintiff to elect which cause of action they would prosecute.

WALTER S. HARKINS, F. T. D. WALLACE, JOHN D. HARKINS and WORTHINGTON, COCHRAN & BROWNING for appellant.

JAMES GOBLE, W. H. MAY for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Prior to August, 1902, Jonathan Skeans was the owner of two acres of land lying on the Big Sandy river and Middle creek in Floyd county, Kentucky. Said tract was bounded on the south by Middlecreek, on the east by the Big Sandy river, and on the north and west by land owned by one Morgan C. Whittaker. The Big Sandy Railway Co., in the survey of its line of road from Whitehouse to Elkhorn City, passed over the Whittaker farm and through the two-acre tract owned by Skeans, dividing it into nearly equal parts. On the 19th of August, 1902, the said railway company purchased of Skeans a right of way through his two-acre tract, one hundred feet in width, it being recited in the deed of conveyance that the said company's purchase was made

with a view of operating a single or double track railroad thereon; and it was also provided in the deed that the company should maintain one grade crossing.

The railroad was constructed. About a year and a half after this conveyance to the railroad of the right of way, Skeans conveyed the remainder of this two-acre tract to James Patton and Eliza Patton, his wife, the said Eliza being the daughter of Skeans. On May 5, 1905, Patton and wife conveyed to the Railway company an additional right of way through this farm, and on the 24th of May, 1905, Patton and wife conveyed to G. B. Wall, trustee, that portion of the two-acre tract lying between the right of way and the Whittaker land.

On the 24th of August, 1908, James Patton and his wife filed a suit in the Floyd Circuit Court against the Big Sandy Railway Co., in which they sought to recover damages in the sum of $1,500 against the said company for having obstructed a passway which they claimed over the Whittaker land, and which had been sold by Whittaker to Wall, trustee, and by Wall, trustee, to the Big Sandy Railway Co. It appears that, prior to the sale of the right of way by Skeans to the railway company, he had no outlet to the public road, and had acquired the one in controversy from Whittaker. The Chesapeake & Ohio Railroad Co., as the vendee of the Big Sandy Railroad Co., answered, and, in addition to traversing the allegations of the petition, pleaded affirmatively that it had bought of Skeans, the plaintiff's vendor, the right of way through his farm, and had later bought an additional right of way from plaintiffs; that G. B. Wall, trustee, had purchased the portion of the two-acre tract lying between the right of way and the Whittaker land, and had also purchased the Whittaker land over which the alleged passway ran, and that in none of these conveyances was any mention made of a passway in favor of Skeans; that Wall, as trustee, had conveyed the land so purchased by him as trustee to the defendant company, and that defendant had no notice that Skeans or plaintiffs owed or were claiming a passway over the Whittaker land, and that plaintiffs saw, and without objection or complaint permitted, the defendant to erect its depot in part upon the ground over which the alleged passway ran, and that, by reason of their failure to give notice to defendant that they were claiming or asserting some right or ownership to the land,

they were estopped from now setting up and asserting same.

In an amended pleading, plaintiffs alleged that the defendant company had contracted with his vendor, Skeans, to construct and maintain a crossing over the right of way, and that it was understood that this crossing was to be maintained at the point where his private passway through the lands of Whittaker crossed the right of way. In an appropriate plea the allegations of this amended petition were traversed, insofar as plaintiffs alleged that the crossing which the defendant company obligated itself to maintain was to be at the point where the private passway crossed the tracks.

Conceiving that plaintiffs had, in the amended petition, set up a new, different and distinct cause of action from that set up in the original petition, defendant moved that they be required to elect which cause of action they should prosecute. This motion was sustained over plaintiff's objection. They elected to prosecute their claim for damages for obstructing the alleged passway, and not for the failure of the road to maintain a crossing. Although having been required to make an election, the court permitted the proof to take a wide range, and, in fact, both questions were fully covered by the line of interrogation followed in examining the witnesses. The trial resulted in a verdict in favor of plaintiffs for $400, and from the judgment rendered thereon this appeal is prosecuted. The company seeks a reversal upon several grounds, but, from the conclusion which we have reached, it is necessary to notice but two.

The first question raised is the correctness of the court's ruling in requiring plaintiffs to elect which cause of action they would prosecute. In the original petition they sought to recover damages for obstructing a passway which they claimed to have across the Whittaker land. This was an action in tort. In the amended petition they sought damages for a failure on the part of the railroad to maintain the grade crossing provided for in the deed conveying the right of way. Their right to have this crossing maintained being one of contract, this cause of action grew out of that contract. Thus, they had coupled in the same suit a claim for damages growing out of a breach of contract with one for tort.

Section 83 of the Code provides that "several causes

of action may be united, if each affect all parties to the action; may be brought in the same county, and may be prosecuted by the same kind of action; and if all of them be brought (1) Upon contracts, express or implied; or (2) For the recovery of real property and the rents, profits, and damages for withholding it; or (3) For the recovery of specific personal property and the damages for the taking or withholding it; or (4) For partition of real or personal property or both; or (5) For injuries to character; or (6) For injuries to person and property." Clearly, the action for the breach of contract could not properly be joined with the action for damages growing out of the obstruction in the passway. The trial court correctly held that there was a misjoinder and required plaintiffs to elect which cause of action they would prosecute.

Having elected to prosecute for the obstruction of the Whittaker passway, it was incumbent upon them, as a condition prerequisite to a right to recover damages for the obstruction of this passway, that they show they could reach it from their land without having to pass over other lands over which they had no right of way. As stated, the railroad right of way practically cut the tract of land owned by Skeans in two. That portion thereof lying west of the right of way joins the Whittaker land, over which the passway ran, and when Skeans and wife and appellees joined in the deed to Wall, trustee, conveying to him this tract of land lying between the right of way and the Whittaker land, and made no reservation in the deed of a passway over the land they were thus conveying, they deprived themselves of the only means they had, so far as we can gather from the record, of reaching the Whittaker passway. Hence, as they only had a right to use the Whittaker passway, if they had in fact voluntarily deprived themselves of this right to use it, they cannot complain that it was closed up by Whittaker's vendee.

But for them it is argued that it was agreed by the railroad that the grade crossing referred to in the deed from Skeans to the railroad should be maintained at a point so as to connect with the Whittaker passway. If it were permissible to modify the written contract relative to this grade crossing by parol testimony, which we expressly refrain from deciding, plaintiffs must still fail upon this point, for the reason that there is no evidence to support this claim.

Plaintiffs having shown no right in themselves to the use of the Whittaker passway, the court should have peremptorily instructed the jury to find for the defendant. Upon another trial, if plaintiffs can show that they have a right, and can reach the Whittaker passway from their land which they now own, they should be permitted, by appropriate amended pleading, to set up this fact; but until they do show this right in themselves, they are entitled to recover nothing. Under its contract made with Skeans, it was the duty of the railroad to maintain a grade crossing over its right-of-way from the land which he then owned, and for its failure to do so the railroad is liable in damages. Any claim which the plaintiffs may have upon this account is in no wise prejudiced by this opinion, but may be hereafter, in an appropriate proceeding, tried out and determined.

Judgment reversed and cause remanded for further proceedings consistent herewith.