GARVEY v. COMPANIA METALURGICA MEXICANA et al.

(District Court, W. D. Texas, at El Paso. April 16, 1915.)

No. 503.

1. REMOVAL OF CAUSES ☞117—PLEADING IN FEDERAL COURT—OBJECTION TO JURISDICTION—"PLEAD."

In Judicial Code (Act March 3, 1911, c. 231) § 29, 36 Stat. 1095 (Comp. St. 1913, § 1011), requiring a party removing a cause to the federal court within 30 days thereafter to plead, answer, or demur to the declaration or complaint, the word "plead" includes a plea to the jurisdiction, especially in view of the provision of Judicial Code, § 38 (Comp. St. 1913, § 1020), that in suits removed the District Court shall proceed as if the suit had been originally commenced therein, and the same proceedings had been taken in such suit in the District Court as were taken in the state court prior to the removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 249; Dec. Dig. ☞117.]

2. CORPORATIONS ☞668 — FOREIGN CORPORATIONS — SERVICE — MOTION TO QUASH—EVIDENCE—AGENT.

On a motion to quash service of summons on a foreign corporation, evidence *held* to show that the one on whom the process was served as agent was no longer employed by the corporation when service was had.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603-2627; Dec. Dig. ☞668.]

3. REMOVAL OF CAUSES ☞112—PETITION FOR REMOVAL—APPEARANCE—JOINT DEFENDANT.

The fact that a foreign corporation, sued jointly with an individual who was personally served, joined with its codefendant in a petition for the removal of the cause to the federal court, does not constitute an appearance by the corporation, so as to preclude it from objecting to the service.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 238; Dec. Dig. ☞112.]

4. APPEARANCE ☞9—REQUEST FOR DEPOSITION—MOTION TO QUASH—"GENERAL APPEARANCE."

A request by a foreign corporation for the taking of deposition in aid of its motion to quash for failure to serve process is not a general appearance, which prevents the corporation from questioning the validity of the service.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. ☞9.

For other definitions, see Words and Phrases, First and Second Series, General Appearance.]

At Law. Action by Francis Garvey against the Compania Metalurgica Mexicana and another. On motion of the defendant Compania Metalurgica Mexicana to quash the service upon it. Sustained.

Stanton & Weeks, of El Paso, Tex., for plaintiff.

Davis & Goggin and Paul D. Thomas, all of El Paso, Tex., for defendant Compania Metalurgica Mexicana.

Before HENRY D. CLAYTON, District Judge, sitting by designation.

HENRY D. CLAYTON, District Judge. Plaintiff, Garvey, on July 9, 1914, filed in the special district court of El Paso county, Tex., his original petition against the Compania Metalurgica Mexicana, a corporation, and R. G. Dufourcq, claiming the sum of $15,000 as damages

for certain personal injuries alleged to have been sustained by plaintiff at Sierra Mojada, Mexico. He alleges that such injuries were received by him while he was in the employ of the defendant company, and while acting under the direction of the defendant Dufourcq, alleged to be an employé of defendant company.

Citation out of said state court was duly issued the same day the petition or complaint was filed, and the return of the sheriff recited the execution of same on August 8, 1914, by delivering to the defendants true copies of the citation; the citation being served upon Compania Metalurgica Mexicana, the return showed, by delivering a copy thereof to defendant company "in person of R. G. Dufourcq, superintendent and agent."

On September 5, 1914, defendants filed their petition for the removal of said cause to the District Court of the United States for the Western District of Texas, at El Paso, alleging that the amount in dispute exceeded, exclusive of interest and costs, the sum or value of $3,000; that the defendant company was a New Jersey corporation, having no office or place of business in Texas, and was a non-resident of the state of Texas; that defendant Dufourcq was a resident and citizen of New York, and that Garvey was a resident of El Paso county, Tex. A removal bond was given and approved, and the order of removal was duly made by the state court on September 8, 1914, and on September 25, 1914, the certified copy of the record was duly filed in this court.

The defendant Compania Metalurgica Mexicana, on October 16, 1914, filed a motion in this court to quash and set aside the service alleged to have been made upon it by the sheriff of the state court. It appeared specially for this purpose, and in the motion specifically disclaimed any and all intention of entering an appearance to the cause. The ground of the motion to quash the service is:

That said court and this court has acquired no jurisdiction of this action of the person or property of this defendant, this defendant not having been served with summons herein, and no property belonging to it having been seized, or any other process whatsoever, nor has any writ of garnishment been issued or served upon any person or persons in any way indebted to or having property of this defendant in their possession or under their control, or being indebted to this defendant in any way, and this defendant being a nonresident of the state of Texas and absent from said state, and because this defendant is neither a citizen or resident of the state of Texas, being a citizen of the state of New Jersey, under the laws of which state it is incorporated, having its principal office in the city and county of New York, and having no place of business in the state of Texas. That neither this defendant, nor any agent of this defendant, nor any person in any wise authorized to represent this defendant has ever been served with process of the state court or with process issued out of this court, and that the service attempted to be made upon this defendant by service of citation upon R. G. Dufourcq, as the representative or agent of this defendant, was no service upon this defendant, for the reason that said R. G. Dufourcq was not at the time of said service upon him an agent of this defendant, nor was he representing this defendant in any capacity whatsoever. That the said Dufourcq has not since the time of said service represented this defendant in any capacity, nor has he at any time been the agent of the defendant, and that the said Dufourcq was not at the time of said service, and has not been since that time, and in fact has never been, either the president, vice president, secretary, treasurer, or general manager of this defendant. That the said Dufourcq had at one time been an employé of this defendant in the republic of Mexico, but at the

time of said pretended service upon him had long ceased to have any connection with this defendant, as is shown by the affidavit of said Dufourcq, hereto attached and made a part of this pleading. That the said Dufourcq is not a citizen or resident of the state of Texas, and was neither a resident nor a citizen of the state of Texas at the time of said pretended· service upon him, but a citizen of the state of New York, temporarily residing in the republic of Mexico, and at the time said pretended service was had upon him was only temporarily in the city and county of El Paso and state of Texas on his own private business, and in no way connected with this defendant or its business.

The affidavit of Dufourcq, made a part of the motion, showed that at the time of the service had·upon him he was not an agent of Compania Metalurgica Mexicana or in any way connected with that corporation. Dufourcq has appeared generally and answered the petition, so that no question is raised as to the jurisdiction of the court over his person.

When the motion to quash and set aside the service of the citation came on for hearing at the October, 1914, term of the court, plaintiff's counsel was not present, although notified of the date for the hearing of the motion. The term of the court was adjourned sine die that day, and the court, being unable to dispose of the motion, then ordered:

That the said motion, and a right to a hearing thereon, be and the same is hereby continued until the next regular term of this court, without prejudice to the right of said Compania Metalurgica Mexicana to present and have the same passed upon at said next regular term before being required to answer herein, and without prejudice to its·right to file, present, and have passed upon such plea or pleas in abatement as it may see fit to interpose in this cause.

At this term of the court plaintiff, Garvey, moved to remand the cause to the state court. Thereupon the defendant Compania Metalurgica Mexicana, appeared specially and asked leave of the court to amend its petition for removal in matter of form. Leave was granted, the petition for removal amended, and thereupon plaintiff's motion to remand was overruled and denied. Plaintiff then demurred to the motion to quash, and filed his contest of the motion, alleging that said motion was insufficient in law for the following reasons:

(b) Because said defendant company under section 29 of the act of Congress approved March 3, 1911, and which went into effect on January 1, 1912, by removing said cause, is required in law, to "plead, answer or demur to the declaration or complaint in said cause," upon the merits, and is not entitled to interpose in said cause its plea in abatement or to the jurisdiction of said court, in that said defendant company by removing said cause waived its right so to do.

(c) Because, by filing the aforesaid motion to quash service of citation, the said defendant company has not pleaded, answered, or demurred to the declaration or complaint in this cause, but is merely contesting the service of citation by a plea attacking the service thereof, which in no manner pleads, answers, or demurs to the declaration or complaint in this cause, as required by said statute.

[1] Counsel for plaintiff thus earnestly insist that section 29, Judicial Code, amending the former removal acts, by prescribing that, after the certified copy of the record in the state court has been filed with the federal court, "the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or . complaint in said cause," requires of the removing defendant an ap-

pearance and answer, plea, or demurrer, within that time, to the merits, and that a pleading in abatement of the writ or citation is not an answer, plea, or demurrer, as contemplated by section 29 of the Judicial Code. In other words, the contention of counsel for plaintiff is that section 29 of the Judicial Code abolishes pleas to the jurisdiction for want of proper service in the state court.

In the case of Cain v. Commercial Publishing Co., 232 U. S. 124, 34 Sup. Ct. 284, 58 L. Ed. 534, decided January 19, 1914, this very question came before the Supreme Court of the United States, and counsel for plaintiff in error there urged the same contention that is now insisted upon here. Mr. Justice McKenna, delivering the opinion of the court, and answering the argument that section 29 of the Judicial Code was intended to abolish delay in removal proceedings and prevent a removing defendant from raising in the federal court any question as to the jurisdiction of the court over its person, said:

"It may be conceded that the purpose of the amendment was to secure expedition in the disposition of the case, but a revolution in the practice and efficacy of the right of removal is not lightly to be inferred. And a revolution it would be. It would take from the federal courts the power they have possessed under the cases cited, a power not only to pass upon the merits of the case, but upon the validity of the service of process; that is, upon the question of jurisdiction over the person of the defendant. How essential this power is to the right of removal is obvious. Without it a state could prescribe any process or notice, or a plaintiff, as in the pending case, serve process on a person having no relation with a defendant and compel him to submit to it and to a jurisdiction not of his residence, or give up his right to take the case to what in contemplation of law may be a more impartial tribunal for the determination of the action instituted against him, and which it is the purpose of the removal proceedings to secure to him, and, it must be assumed, completely, not by surrender of any of his rights, but in protection and security of all of them. The weakness of plaintiff's contention is demonstrated, not only when we consider all of the language of section 29, but the language of section 38, which provides that in all suits removed the District Court shall proceed therein as if the suit had been originally commenced in the District Court, 'and the same proceedings had been taken in such suit in said District Court as shall have been had therein in said state court prior to its removal.' In other words, the cause is transferred to the District Court as it stands in the state court, and the defendant is enabled to avail himself in the latter court of any defenses, and, within the time designated, plead to the action 'in the same manner as if it had been originally commenced in said District Court.' And these words, we have seen, were explicitly given such effect in the cited cases. It is clear, therefore, that plaintiff gives too restricted a meaning to the word 'plead' in section 29. It must be construed to include a plea to the jurisdiction, and, so construing it, all of the provisions for removal of causes become accordant and their purposes fulfilled—the right of a speedy disposition of the suit to the plaintiff and the right of the defendant to have all questions determined by the federal tribunal."

In the light of this decision, the question is no longer open and the defendant company is entitled to have its plea in abatement considered by this court.

[2] The only evidence before the court bearing upon the validity of the service of the citation by the sheriff of El Paso county is the affidavit of Dufourcq, above referred to, and the testimony of Towne and Safford, whose depositions were taken at the request of the defendant company. They were examined upon interrogatories propounded by the defendant company, and upon cross-interrogatories

propounded by plaintiff, Garvey, who has offered no evidence in rebuttal. The court is satisfied, from an examination of the affidavit of Dufourcq and the depositions of Towne and Safford, that Dufourcq was not the agent of the defendant company, or in any way connected with it, when the attempted service was had upon him, and that at that time the defendant company was a nonresident of Texas, and had no office or place of business in the state. The defendant company has not been legally served with process, and the motion to set aside and annul the pretended service must be granted. St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222; N. E. Mut. Life Ins. Co. v. Woodworth, 111 U. S. 138, 4 Sup. Ct. 364, 28 L. Ed. 379.

[3] The only other question raised and requiring consideration is whether the defendant company has made a general appearance or taken any other action recognizing the case as in court. Of course, the filing of the petition for removal does not amount to a general appearance. Wabash W. Ry. Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. However the plaintiff contends that a general appearance was made by the defendant company joining with Dufourcq in removing the case to this court. The court is of opinion that the defendant company's action in this respect is not a general appearance, and that it does not now preclude the defendant company from challenging the jurisdiction of the court over its person.

[4] Nor did the taking of the depositions of Towne and Safford at the request of the defendant company amount to an appearance in the cause, preventing the Compania Metalurgica Mexicana from now raising the question of the validity of the service alleged to have been had upon it. The depositions were taken and offered, and the notice to plaintiff of the taking of the depositions so stated, only in support of the motion to quash, and for no other purpose, and these depositions had no relation to anything else than the motion to quash.

The defendant company has continually, by its special appearances in the court, insisted upon the illegality of the service had upon it, and it has taken no action which can be regarded as a general appearance in the cause.

An order in harmony with this opinion will be entered.