ANDERS v. SECURITY MUT. LIFE INS. CO. OF BINGHAMTON, N. Y.

(District Court, E. D. Pennsylvania. November 13, 1920.)

No. 7286.

Courts ⊃347—Defendant's time to plead governed by Judicial Code, § 29, instead of state Practice Act.

In a common-law action removed from the state to federal court, the defendant may file his affidavit of defense within 30 days after filing the record in the federal court, under Judicial Code, § 29 (Comp. St. § 1011), although the Pennsylvania Practice Act requires such affidavit to be filed within 15 days.

At Law. Action by James M. Anders against the Security Mutual Life Insurance Company of Binghamton, N. Y. On rule by plaintiff. Rule discharged.

William Clarke Mason, of Philadelphia, Pa., for plaintiff.
Joseph S. Conwell, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The act of the plaintiff in seeking to hold an advantage claimed to have been secured through an oversight of the defendant would seem to be an ungracious one, except for the circumstance that this case arises out of the fact that the defendant has done this very thing itself. In consequence, there is no complaint made because the plaintiff is seeking to hold the defendant to a strict compliance with all the laws regulating rights or remedies.

The action was begun in a state court. The defendant removed it to this court. The record was here filed on the thirtieth day. No point is made of this because it is conceded defendant in this was taking no more time than it had the right to take, although taking to the utmost all to which it was entitled. Having, however, taken this 30 days it claims the right to take 30 more before filing an affidavit of defense to the statement of claim. This right the plaintiff denies, and, on the contrary, has asserted his right to judgment by default, and, having taken his judgment, is now seeking to have his damages assessed.

The question involved is best presented by a recital of the record facts. The action having been brought and a statement filed, with the usual indorsement, under the state Practice Act of 1915 (P. L. Pa. 1915, 483), the plaintiff had the right to judgment by default, unless an affidavit of defense was filed. Before the time for filing this affi-

davit had expired, a petition for removal was .granted. Nothing further could be done until the record was filed in this court or until the 30 days in which to file it had expired. The record having been filed in due course, all further proceedings must be had in this court "in the same manner as if [the action] had been originally commenced" here.

Thus far there is no dispute. If the action had been originally brought in this court, our jurisdiction to determine the cause would have been because of the diversity of citizenship. In common-law actions (as this would have been) the conformity statutes require the practice, pleadings, and procedure to follow the state practice. The Practice Act of 1915 is in consequence our guide. Under that act the defendant must file an affidavit of defense within 15 days, and judgment may be entered for want of such affidavit, if it be not filed. No affidavit was filed, and plaintiff filed his præcipe for judgment. The record shows the filing of this præcipe and the entry of the present rule. The point sought to be made by the plaintiff is that he is entitled to judgment after 15 days. The defendant asserts its right to 30 days within which to answer, etc., planting its claim of right upon section 29 of the Judicial Code (Comp. St. § 1011), the requirement of which is that the plaintiff "shall within 30 days [after the record is filed in this court] answer," etc., "to the declaration or complaint in said cause, and the cause shall then proceed," etc. Within this time an affidavit of defense was filed, which the plaintiff asks to have stricken from the record.

The question involved is: Was this affidavit filed in time? It clearly was not, unless section 29 expands the 15 days given by the state law to 30 days given by that section. This thought of extension of the time limit is combated by the plaintiff, the position being taken that the Judicial Code leaves the state practice in control if it establishes a time limit, and itself establishes a time limit only in case the state practice does not. Cain v. Commercial Pub. Co., 232 U. S. 124, 34 Sup. Ct. 284, 58 L. Ed. 534, and Garvey v. Compania Metalurgica Mexicana (D. C.) 222 Fed. 732, .are cited in support of the proposition advanced.

Neither of these cases is quite in point. In the Cain Case the real question involved was whether by a removal proceeding a defendant submitted himself to the jurisdiction of the court to which the cause was removed, and thereby forestalled all right to call in question the validity of the service of the original writ. The Garvey Case is to the like effect, and was ruled upon the authority of the Cain Case.

It may be true, as asserted by the plaintiff, that there is no statute, nor is there any decision of the courts, which expressly gives to a defendant who has removed a case from the state court a longer time within which to make answer to the statement of claim than he would have had, had the action been originally brought in the court to which it was removed; but the inference drawn that no extension of time results to such a defendant does not follow. Even upon the practical construction which plaintiff has himself given to the quoted section of the Judicial Code, the effect of this statute is to enlarge the time

within which the affidavit of defense must be filed. Had the suit originally been brought in this court, the affidavit of defense must have been filed within 15 days after service of the statement of the claim and rule to answer, and yet the plaintiff has conceded that a defendant may have as much as 60 days' time allowance after service of the rule in the state court.

The effect of the removal statute, therefore, is to extend the time, unless what is meant is to treat the filing of the record as if that were the commencement of the action in this court. In a sense, of course, it is; but to conclude that it is such commencement, in the sense of when the time within which the affidavit must be filed commences to run, is to beg the whole question, because it is the putting of a construction upon section 29 which is decisive of the point involved. If the position of the plaintiff be tenable, it is because a statement of claim, with a rule to answer, was filed when the record was · filed in this court. The argument is that, as this court proceeds as a state court would proceed, and as the state court would give judgment after 15 days, this court should give judgment after 15 days, notwithstanding the fact that section 29 gives 30 days before judgment can be entered. This is for the reason that section 29 is to be construed as meaning, not that the defendant may plead within the 30 days, but that he shall plead within 15 days, if the state statute so requires, and in any event within 30 days. Section 29, however, only requires the defendant to plead within 30 days after the filing of the record, and that "the cause shall then proceed." If this means, as contended by the defendant, that the cause, after being brought here by removal proceedings, is treated as an action here brought and put at issue, but is not so treated until the time for filing the pleas has expired, the whole argument on behalf of the plaintiff fails.

The position advanced by the plaintiff, that the cause, when it proceeds, proceeds here in conformity with the state practice, we think is well taken. Section 29, however, undoubtedly gives a defendant 30 days within which to file an affidavit of defense or other plea or answer, which the state practice may require. If it had been intended by Congress not to give a defendant this 30 days' time allowance, when the state practice gave him a less time, this intention could have been expressed in a few words. Not only is there no such expression, but, on the contrary, the expiration of the 30 days is made the beginning of the time when this court can take action.

The argument ab inconvenienti is equally unconvincing. A petition for the removal of a cause undoubtedly results in delay. This is regrettable, but unavoidable. The industry of counsel has not been rewarded by the finding of any ruling upon the precise point now before us, nor do we know of any. As between the parties to this cause, the question is to be determined as one of strict right. We say this because, from the viewpoint of the defendant, the plaintiff is seeking to recover a snap judgment, and a ruling which would give the plaintiff such a judgment is pronounced to be "a travesty on justice." On the other hand, from the viewpoint of the plaintiff, the defendant has

already entered such a snap judgment in its own favor, and is seeking to delay an inquiry into its validity, if not its justice.

Without entering into this feature of the case, our conclusion is that, as it was the legal right of the defendant to delay filing its petition until a time just before an affidavit to the statement of the claim was required of it and after having had its petition for removal allowed, it had a legal right to delay the bringing of the record into this court until the last of the 30 days allowed for the purpose, it also had a like legal right to withhold an affidavit of defense until the end of the 30-day limit fixed by section 29.

We do not have access to the record, and it is not entirely clear from the paper books just what the formal motion before us is, but whether it is a rule for judgment, or for the assessment of damages, or to strike from the record the affidavit of defense filed, its disposition is dependent upon the construction before given to section 29 of the Judicial Code, and the rule taken by the plaintiff, whatever it is, is discharged.