### WENA LUMBER CO. v. CONTINENTAL LUMBER CO.

(District Court, S. D. Mississippi, S. D.   February 14, 1921.)

Removal of causes ⬚➡103—Failure of defendant to plead after removal ground for remand.

Under Judicial Code, § 29 (Comp. St. § 1011), the filing of a plea, answer, or demurrer by the removing defendant within 30 days after the filing of the transcript is a part of the removal procedure, and on a failure to so plead within the time the court may, in the exercise of a legal discretion, grant a motion to remand.

At Law. Action by the Wena Lumber Company against the Continental Lumber Company. On motion to remand to state court. Motion granted.

J. N. Flowers, of Jackson, Miss., and Gex, Waller & Morse, of Bay St. Louis, Miss., for the motion.

Marshall & Wallace, of Gulfport, Miss., opposed.

HOLMES. District Judge. This suit was filed in the circuit court of Hancock county, and on petition of the defendant was duly removed to this court. More than eight months elapsed after the transcript was filed in this court before the defendant filed any plea, answer, or demurrer to the declaration. No effort was made to comply with the provision of the removal statute (Comp. St. § 1011) requiring the removing party to plead, answer, or demur to the declaration or complaint within 30 days after the filing of the transcript in the district court, and no satisfactory excuse is offered for thus ignoring the plain provisions of an unambiguous statute. At the second term of court after filing the transcript, the defendant, without asking or obtaining leave of court to plead out of time, filed a motion to quash the process and a plea to the jurisdiction of the court. Thereupon the plaintiff moved to remand the cause to the state court.

⬚➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The right of removal is purely statutory, and one seeking the bene-fits of the statute must comply with its essential provisions. Notice of intention to remove is the first step in the proceeding, and pleading in some form is the last. The requirement to plead may not be mandatory or jurisdictional, in the sense that it may not be waived by the parties or extended by the court; but it is an essential step necessary to be taken by the defendant before "the cause shall then proceed in the same manner as if it had originally commenced in the said district court." Sec. 29, Judicial Code (Comp. St. § 1011). There has been no such waiver or extension here.

Whether to allow the defendant to plead after the expiration of the 30 days or to remand the cause is a matter that calls for the exercise of a sound legal discretion. Certain it is that the statute may not be disregarded with impunity, and failure to comply with it without any satisfactory excuse renders the cause subject to remand.

In this case the defendant has not asked leave to plead to the merits. It had the undoubted right to plead either to the merits or to the juris-diction within the time designated, but that time has expired. Cain v. Commercial Pub. Co., 232 U. S. 124, 34 Sup. Ct. 284, 58 L. Ed. 534. The plaintiff claims, and it is not denied, that serious prejudice may re-sult to it by permitting the jurisdictional plea to be filed after an eight-months delay, and that this prejudice will be a direct result of the delay. This contention seems to be well taken. Failure to remand this cause would probably permit the defendant to gain an unfair advantage under the removal statute as a direct result of disregarding one of its plain provisions.

The motion to remand will be sustained.