## VIRGINIA BRIDGE & IRON CO. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, S. D. Alabama. July 19, 1924.)

Removal of causes ⊂═117—Pleading within 30 days after filing of record essential step in removal.

Judicial Code, § 29 (Comp. St. § 1011), since its amendment by interpolation of the words "the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause," makes the filing of such pleading within 30 days an essential step to be taken by the removing party, without which removal is not effected.

⊂═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by the Virginia Bridge & Iron Company against the United States Shipping Board Emergency Fleet Corporation. On motion to remand to state court. Granted.

Smiths, Young, Leigh & Johnston, of Mobile, Ala., for plaintiff. Joseph W. John, Acting Dist. Atty., of Mobile, Ala., for defendant.

ERVIN, District Judge. This was an action brought in the circuit court of the state of Alabama and removed to this court on February 4, 1924. On March 15, 1924, plaintiff filed a motion to remand, because the party removing it had not, within 30 days after entering and filing of the record in this court, filed any plea, answer, or demurrer in said cause.

The same question was passed on in the case of Wena Lumber Co. v. Continental Lumber Co. (D. C.) 270 Fed. 795. At first I thought the conclusion there reached was wrong, and the words put into the statute by amendment in 1911, requiring the party removing to plead in 30 days, was a statutory limitation of the right to plead, but on more mature reflection I think Judge Holmes was correct. As he says, the right and conditions of removal are statutory, and the party availing himself of the right is bound by the procedure and the conditions named in the statute. Section 29 of the Judicial Code (Comp. St. § 1011) provides what must be done in order to remove a suit from the state to the federal court, and after providing for the petition and bond to be filed in the state court it proceeds as follows:

"It shall then be the duty of the State court to accept said petition and bond and proceed no further in said suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within said thirty days as aforesaid in said District Court of the United States, *the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause,* and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court."

The words put into the sentence by amendment in 1911 are italicized. In the first place it will be noticed that the amending words are put into a sentence which requires the doing of something before "the cause shall then proceed in the same manner as if it had been originally commenced in the said district court." Before the amendment, the last act to be done before the cause should proceed in the federal court was the entering of the record in that court.

Until its entry there the removal was incomplete, and while ordinarily the record is made up and sent to the federal court by the clerk of the state court, it is the undoubted duty of the party removing to see that the record is entered in the federal court, as shown by the provisions of section 35 of the Judicial Code (Comp. St. § 1017). The words put in by amendment add an additional duty to be performed by the party so removing the cause before the cause shall proceed in the federal court.

The words "and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court" are retained in the sentence after the additional duty is imposed on the

party removing. Had Congress intended to merely limit the time in which the party removing should plead, it would have added a sentence after the other one, instead of interlining the words requiring such pleading into the other sentence, where they are found.

As the party removing filed no pleadings within the time required by the statute, he has failed to comply with it, and an order remanding the cause will therefore be entered.