### EGGER v. JULIAN PETROLEUM CORPORATION et al.

District Court, N. D. Texas, Wichita Falls Division. December 5, 1927.

No. 408.

Removal of causes ☞117—Cause will be remanded to state court on failure of defendants to plead within 30 days after filing of transcript (Judicial Code, § 29 [28 USCA § 72]).

On failure of defendants, who had cause removed from state to federal court, to either plead, answer, or demur within 30 days after filing of transcript in federal court, as required by Judicial Code, § 29 (28 USCA § 72), cause will be remanded to state court.

At Law. Action by H. D. Egger against the Julian Petroleum Corporation and others. On plaintiff's motion to remand. Cause remanded.

E. R. Surles and Carrigan, Britain, Morgan & King, all of Wichita Falls, Tex., for the motion.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, Tex., and Webster Atwell, of Dallas, Tex., opposed.

ATWELL, District Judge. This action was brought in the state district court and petition for removal was seasonably presented. The plaintiff, by appropriate motion, now moves to remand, because the defendants have neither pleaded, answered, nor demurred within the 30 days after the filing of the transcript in this court, provided by section 29 of the Judicial Code (28 USCA § 72).

In 1921 Judge Holmes, in Wena Lumber Co. v. Continental Lumber Co. (D. C.) 270 F. 795, and in 1924 Judge Ervin, in Virginia Bridge & Iron Co. v. United States Shipping Board Emergency Fleet Corporation (D. C.) 300 F. 249, held that this requirement in the 1911 amendment to the removal statute must be followed; Judge Holmes saying that it was in the discretion of the United States court to remand if it had not been followed, and Judge Ervin holding that it was mandatory and jurisdictional.

Since only those cases may be taken from the state to the United States court which are described in the statutes, and by the mode that the statute fixes, it would seem that the requisite under scrutiny is prime. It may hardly be said that it is jurisdictional in the full significance of that word, because the plaintiff would unquestionably have a right to waive it. If, however, the plaintiff raises the question, then the court must sustain the contention.

The provision of the statute requiring a written notice before the presentment of the petition for removal may be waived. Lewis v. Erie R. Co. (D. C.) 257 F. 868; Chase v. Erhardt (D. C.) 198 F. 305. And yet this provision is mandatory and jurisdictional. Tinker v. Board (D. C.) 292 F. 863. So, also, the time for the filing of a petition for removal may be waived, or the party may be estopped from complaining. Powers v. C. & O. Ry. Co., 169 U. S. 92, 18 S. Ct. 264, 42 L. Ed. 673; Bryan v. Barriger (D. C.) 251 F. 330.

The purpose of the amendment is good. It prevents an unnecessary delay, and hastens the ripening of the issue. It calls upon the removing party to seasonably and speedily state his defense. The cause is not considered in shape to be proceeded with in the court until that requisite shall have been complied with. The last sentence of the provision reads as follows:

"The said copy being entered within said thirty days as aforesaid in said District Court of the United States, the parties so removing said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, *and the cause shall then proceed in the same manner as if it had been originally commenced in the said district court.*"

See Anders v. Security Mut. Life Ins. Co. of Binghamton, N. Y. (D. C.) 268 F. 677.

"Plead" includes plea to jurisdiction. Cain v. Commercial Pub. Co., 232 U. S. 124, 34 S. Ct. 284, 58 L. Ed. 534; Garvey v. Compania Metalurgica Mexicana (D. C.) 222 F. 732.

I am of the opinion that it is more nearly in harmony with the limited jurisdictional field of the United States courts to construe removal statutes literally and strictly than to leave them optional or discretionary.

It appearing that no pleading was filed by the removing party within the statutory time, the cause will be remanded.