**BROWN v. EMPIRE GAS & FUEL CO. et al.**

District Court, D. Kansas.    Third Division.
May 14, 1928.

No. 784.

**1. Removal of causes ⊙⇒48—Controversy involved in lessor's action against lessee and nonresident assignee for cancellation of lease and damages held separable.**

Controversy involved in lessor's action against lessee and assignee of lease for cancellation of lease and damages *held* separable, as between lessee and nonresident assignee, as bearing on nonresident assignee's right to removal to federal court.

**2. Removal of causes ⊙⇒117—Case properly removed should not be remanded on sole ground of defendant's failure to plead in time (Jud. Code, § 29 [28 USCA § 72]).**

A cause properly removed should not be remanded on the sole ground that removing defendant fails to plead in 30 days as provided by Judicial Code, § 29 (28 USCA § 72); the District Court, by rendering a judgment by default, or imposing terms for pleading after expiration of 30 days, has power to enforce such procedural provision of the statute, without remanding.

**3. Trial ⊙⇒11(2)—Case involving cancellation of oil and gas lease, with incidental claim for damages, involves equitable relief, and is transferrable.**

Case where principal relief sought was cancellation of oil and gas lease, with incidental relief for damages for failure to cancel, constitutes equitable cause of action, and is transferrable on motion.

At Law.    Action by Charles W. Brown against the Empire Gas & Fuel Company and another, originally brought in the state court. On plaintiff's motion to remand and defendant's motion to transfer cause to equity docket. Motion to remand overruled, and motion to transfer sustained.

E. D. Mikesell, of Fredonia, Kan., for plaintiff.

Warren T. Spies, of Bartlesville, Okl., for defendants.

McDERMOTT, District Judge. This action was originally brought in the district court of Elk county, Kan. The petition alleges that the plaintiff is the owner of the fee title to certain real estate in that county; that on August 6, 1919, he executed an oil and gas lease to defendant H. W. Allman; that said lease provided that it should remain in force for five years and as long thereafter as oil and gas or either of them should be produced from said land. The petition alleges Allman drilled 52 wells on such premises, all of which were producing either oil or gas in paying quantities; that, while oil and gas have been produced in paying quantities from such wells, oil and gas is not now being produced on a part of the real estate under lease; that on a part of such lease wells were drilled which for a time produced natural gas, but that such wells have ceased to produce and have now been disconnected. The plaintiff alleges that the lease should be canceled as to so much of the real estate as was not actually producing oil and gas on August 6, 1924. He alleges that on February 26, 1927, he served a written notice on both of the defendants, under the Kansas statute, that the lease had expired, and made demand that the lease be released of record. The petition alleges that each of the defendants failed to comply with said demand. The prayer of the petition is that the lease be canceled of record, and that the plaintiff recover from each of the defendants the sum of $8,000 actual damages, $100 statutory damages, and $1,000 attorney's fee.

The petition further shows that on the 16th of August, 1926, the defendant Allman assigned said lease to his codefendant the Empire Gas & Fuel Company. The lease expressly permits of assignment.

The plaintiff claims that the lease became forfeited because of the failure of the defendants diligently to develop the lease, and by its express terms.

[1] The defendant Allman is a resident of Kansas, and the defendant corporation is a nonresident of Kansas. The controversy presented is separable. After the assignment of the lease in August, 1926, the action, as far as it prays for a cancellation of the lease, concerns the assignee, the Empire Gas & Fuel Company, alone. As far as the action for statutory damages is concerned, that action is against the Empire Company alone. While

the statutory notice was served upon both of the defendants, the defendant Allman was utterly without power to comply with the notice, for, if Allman had executed a release as prayed for by the notice, it would have been of no effect in canceling the lease of record, for the record title in the lease stood in the name of the Empire Company at the time the notice was served. Since the defendant Allman could not have possibly complied with the notice if he had been disposed so to do, he cannot be held for damages because of his failure. As far as the prayer for damages on account of alleged failure to diligently develop the lease, the controversy is likewise separable. The implied covenant to diligently develop is one that necessarily runs with the land; if, during the time that Mr. Allman owned this lease, he breached the covenant, a controversy between the plaintiff and Mr. Allman would arise out of the facts as they existed up to the time that he assigned the lease. As to any controversy between the plaintiff and the Empire Company for failure to diligently develop the lease, that controversy would depend upon the facts as they existed after the assignment. In short, any controversy that may exist between the plaintiff and Mr. Allman is entirely separate and distinct from any controversy that exists between him and the Empire Company. The petition states no cause of action against Mr. Allman as far as the petition asks for a cancellation of the lease, or for statutory damages.

The plaintiff then insists that, even if the controversy presented is one otherwise removable, the action should be remanded because the nonresident defendant failed to file any pleading in this court within 30 days after the transcript was filed. The record shows that the transcript was filed in this court on July 20, 1927; that a motion to remand was filed on July 27, 1927.

Section 29 of the Judicial Code (28 USCA § 72) provides for the various steps to be taken in removing a cause. After the provisions with reference to the notice of the filing of the petition for removal, the contents of the petition for removal, the bond for removal, the decree of the state court in the premises, the necessity of filing the transcript within 30 days of the removal, the statute then provides:

" * * * The parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court."

In Wena Lumber Co. v. Continental Lumber Co., 270 F. 795, the District Court of the Southern District of Mississippi was confronted with this situation: A defendant removed a cause to the United States court. More than 8 months elapsed before the defendant took any further steps in the case. The defendant then filed a motion to quash the process, and the plaintiff moved to remand the cause. The court held that, whether a defendant should be allowed to plead after the expiration of 30 days, or whether the cause should be remanded for failure to plead, was within the discretion of the court. The court held that to permit the defendant to plead after 8 months would be to give him an unfair advantage, and the cause was remanded. In Virginia Bridge & Iron Co. v. United States Shipping Board, 300 F. 249, the District Court of the Southern District of Alabama was confronted with this situation: More than 30 days elapsed after the filing of the transcript before the defendant filed any pleading. Before the defendant did plead, the plaintiff filed a motion to remand on the specific ground that the defendant had failed to plead within the time prescribed by statute. That court predicated its decision upon the Wena Lumber Company Case, supra, but the court in that case went farther, and held that it was not a matter of discretion with the trial court, but that the trial court was bound to remand the cause if requested so to do, because of failure to plead within 30 days.

In Egger v. Julian Petroleum Corporation, 22 F.(2d) 714 (D. C. Tex. N. D.), the plaintiff moved to remand on the ground that defendant had not pleaded within the 30 days prescribed. The court held that requirement was one that could be waived, but, if the plaintiff filed a motion to remand prior to the defendant pleading, then it must be sustained.

The condition of the law is somewhat uncertain. It has been held to be a jurisdictional requirement; it has been held to be a requirement which could be waived; and it has been held to be within the discretion of the court.

It is vigorously argued that the provision in the statute with reference to the time of pleading is a regulatory step, and not a jurisdictional requirement; that some time must be fixed by Congress for defendant to plead after the case is removed here, because there is no other statute, either federal or state, that prescribes a time for pleading after removal; that, being merely a regulatory statute, the failure of the defendant to plead within the 30 days is not jurisdictional

at all, and that the court has ample power to enforce such regulation by giving judgment by default or by imposing terms on the filing of a pleading out of time; that it is neither necessary nor proper to oust the District Court of its jurisdiction because of failure to plead within the prescribed time. It is also pointed out that none of the cases cited are binding upon this court, and that no authoritative pronouncement of the law has been made.

On argument it is further urged that, if jurisdiction depends on the time of filing the first pleading, it likewise would depend upon whether the later proceedings were properly conducted. The statute under discussion provides that "and the cause shall then proceed in the same manner as if it had been originally commenced in the said District Court." If any of these provisions regulating proceedings of this court are jurisdictional, what would be the result if a defendant filed his first pleading within the 30 days, but at some later step in the cause failed to proceed in the same manner as if the case had been originally commenced in this court? It would seem that the same argument would require that the jurisdiction of this court should be promptly ousted if any of the later proceedings failed to conform.

[2] While the decisions of the cases above cited are entitled to, and have received, careful consideration, I am quite unable to bring myself to the conclusion that jurisdiction of this court is ousted, after it has once properly attached, by mere failure to take some procedural step in strict accordance with the statute. The intention of Congress to have the jurisdiction of this court a sort of tentative jurisdiction, which can attach to-day and be lost to-morrow, with the resulting uncertainty and delay in litigation, ought not to be lightly imputed. In any event, where a plaintiff has filed a motion to remand, before the time has expired for the defendant to plead, this court is not ousted of its jurisdiction by a failure of the defendant to plead within the prescribed time. It is quite unnecessary for defendant to plead to the merits of the cause while a motion to remand is pending and undecided, for, until it is determined in what court the further proceedings will be had, any other pleading simply serves to incumber the record. It appearing therefore that a motion to remand was filed in this cause before the time for the defendant to plead had expired, the motion to remand is not well taken. Furthermore, it would seem to be equally clear that, if the defendant does in fact plead, after the 30 days has expired, either by consent of the plaintiff or by order of court extending the time, a motion to remand the cause filed thereafter on this ground would come too late. In other words, even under the authority of the cases cited, a plaintiff would not be in a position to remand the cause on this ground, unless a motion to remand for that reason was made before the defendant did in fact plead.

The motion to remand will be overruled.

[3] A motion is now made by the defendant to transfer the cause to the equity docket. The principal relief sought is to cancel the lease, which is equitable. The damages sought are incidental to the failure to cancel. The motion to transfer will be sustained. It is so ordered.