NATIONAL MUTUAL CASUALTY COMPANY v. BLACKFORD.

4-5992                                    141 S. W. 2d 54

Opinion delivered June 10, 1940.

*R. S. Wilson* and *Daily & Woods,* for appellant.

*Partain & Agee,* for appellee.

McHANEY, J. At about 9 p. m., May 30, 1939, appellee, M. A. Blackford, was driving a Pontiac automobile, the property of appellee, Heston, in which the other Blackford appellees were riding as guests, in an easterly direction on highway 64 in Moffett, Oklahoma, approaching the Oklahoma end of the Ft. Smith bridge which crosses the Arkansas river. Appellant McAlister was driving west on said highway in a truck owned and operated as an interstate carrier by appellant Hallum, into and through the states of Arkansas and Oklahoma. A collision occurred between the car and the truck which resulted in damage to the car and personal injury to some of its occupants. This suit was instituted by appellees, all residents of Ft. Smith, in the Crawford circuit court, at Van Buren, against said Hallum and said McAlister and against the National Mutual Casualty Company, hereinafter called the Casualty Company, the insurance carrier on the trucks operated by Hallum, to recover damages. The complaint alleged the ownership of the truck as aforesaid and negligence of McAlister in driving it onto the wrong side of the road, and into the car in which appellees were riding. As to the Casualty Company, it was alleged that Hallum's truck was being operated under a permit issued by the Corporation Commission of Oklahoma; that under the laws of that state, he was required to carry public liability and property damage insurance which he did under a policy issued by the Casualty Company. It was further alleged that the laws of Oklahoma create a joint cause of action against insured and insurer in favor of persons injured by the negligent operation of motor vehicles on the highways of said state pursuant to such a permit, and that such action

is joint to the extent of the coverage in said policy. Judgment was prayed for a large sum of money.

The Casualty Company filed a petition and bond for removal to the federal court, it being a non-resident of Arkansas, on the ground of a separable controversy, which was denied. In its petition as also in its separate answer the Casualty Company alleged that the complaint shows on its face that whatever cause of action appellees may have against it, if any, is based on a contract of indemnity between it and Hallum, "and that if such right exists or should hereafter accrue, it is through subrogation and it is an action based solely on contract. . . . under the law of Arkansas an action in tort and an action in contract cannot be joined." Appellants separately answered with a general denial and a plea of contributory negligence. In addition, the Casualty Company pleaded the limit of its liability in any event was $10,000 for personal injury and $300 for property damage claimed by Heston.

Trial resulted in verdicts and judgments totaling $10,235.

For a reversal, it is first insisted that the court erred in refusing to direct a verdict for appellants at their request so to do. We cannot agree that a question of fact was not made for the jury. The testimony is in direct conflict. That for appellees shows that the collision was due to the negligent driving of appellant, McAlister; that for appellants shows it was due entirely to the negligent driving of appellee, M. A. Blackford. It is said the physical facts belie the testimony of appellees. We are unwilling to give assent to this contention, even though the circumstances strongly point in that direction. We think it unnecessary to set out in detail the testimony of the various witnesses. Suffice it to say a case was made for the jury on the issues in dispute.

Nor do we think it necessary or proper to discuss the error assigned and argued as to the refusal of the court to remove the cause to the federal court, in view of the disposition we make of the error of the court in permitting the Casualty Company to be joined as a de-

fendant in this action. The question was raised in the petition for removal, in the answer, in objections to testimony and in a request for a directed verdict.

It appears that the statute of Oklahoma, as construed by the Supreme Court of that state, permits such joinder. Section 3708, Okla. Stat., as amended by Chapter 156, Session Laws 1933, 47 Okla. St. Ann., § 161, *et seq.; Enders* v. *Longmire,* 67 P. 2d 12. Our statute, § 2025, Pope's Digest, the last paragraph of subsection (e) provides: "In consideration of the premium stated in the policy to which this indorsement is attached, the company hereby waives a description of the motor vehicles to be insured hereinunder, and agrees to pay any fine or judgment for personal injury, including death, resulting therefrom and/or damage to property, other than insurance, caused by any and all motor vehicles operated by the assured, pursuant to a certificate issued by the Corporation Commission of the State of Arkansas within the limit set forth in the schedule shown hereon, and further agrees that upon its failure to pay any such final judgment, such judgment creditor may maintain an action in any court of competent jurisdiction to compel such payment. Nothing contained in the policy or any indorsement thereon, nor the violation of any of the provisions thereof, by the assured, shall relieve the company from liability hereunder or from the payment of any such judgment."

While this court has never directly construed this statute as to whether the insurer may be joined with the insured in an action for personal injury or property damage, we have inferentially done so in construing similar provisions in Act 196 of 1927, §§ 7774 and 7775, Pope's Digest. In *Universal Automobile Ins. Co.* v. *Denton,* 185 Ark. 899, 50 S. W. 2d 592, we held that the above statute did not permit a joinder of insurer and insured under an allegation of insolvency of the insured. The language above quoted from said § 2025, "and further agrees that upon its failure to pay any such final judgment, such judgment creditor may maintain an action in any court of competent jurisdiction to compel such payment," simply means that if it fails "to pay

any fine or judgment for personal injury" against the insured, then an action may be maintained against it to compel payment, and it does not and cannot mean that it may be sued either jointly or severally before a judgment has been had against the insured.

But, say appellees, conceding such to be the law in Arkansas, it is not the law in Oklahoma where the cause of action arose, and that the law of that state governs. We cannot agree. In this state an action in tort cannot be joined with an action in contract. Section 1283 of Pope's Digest provides in seven subdivisions what causes of action may be united in the same complaint, and an action in tort and in contract are not provided for. Kentucky from which we borrowed the above section of the Civil Code so holds. *C. & O. R. R. Co.* v. *Patton,* 146 Ky. 656, 143 S. W. 25.

Furthermore, we think the right to join the insurer in this state is governed by the law of the forum. It relates to the remedy and is a procedural matter, not one of substance. If a judgment is obtained on a retrial against the insured, the appellees have a complete remedy against the Casualty Company, if such judgment is not paid. But the insured and his driver have the right to a trial without evidence of the fact that an insurance company will have to pay any judgment rendered against them.

The judgment will therefore, be reversed and dismissed as to appellant Casualty Company, and will be reversed as to the other appellants and remanded for a new trial.

SMITH, HUMPHREYS and MEHAFFY, JJ., dissent.

SMITH, J., (dissenting). I do not contend that our statute, to which the majority refer, should receive the same construction as that given to the Oklahoma statute, to which the majority also refer, by the Supreme Court of that state. But we must accept the construction of the Oklahoma statute given it by the Supreme Court of that state. The majority concede this construction to be that a joint cause of action is created against the insurer and insured in favor of persons injured by the

negligent operation of motor vehicles on the highways of that state pursuant to a permit, and that such action is joint to the extent of the coverage of the policy of insurance. The statute of Oklahoma does not profess to make the insurer and the insured joint tortfeasors, but it does constitute a joint cause of action to the extent of the insurance coverage.

The collision occurred in Oklahoma, and the question of liability, therefore, must be determined by the laws of that state. This liability is not a question of procedure, but is one of substance. This question was thoroughly considered in the case of *Mosby* v. *Manhattan Oil Co.*, 52 Fed. 2d 364, and is annotated in 77 A. L. R. 1099.

It was held in the case just cited that the courts of one state will enforce substantive rights existing under the laws of another state if not contrary to the public policy of the forum state, and that the fact that the laws of one state differ from those of another does not make the laws of one contrary to the public policy of the other.

There, a suit was brought in the district court of the United States for the western district of Missouri, for damages claimed to have resulted from a nuisance alleged to have been created and maintained by defendants in the state of Kansas. It was said in the body of the opinion that "It is conceded that by the law of the forum (Missouri), the action, in view of the evidence, could not be maintained in Missouri against the defendants jointly." But a joint cause of action could be maintained in the state of Kansas, where the injury was done and the damage caused.

The opinion quoted from Minor on Conflict of Laws, § 194, as follows: "The law of the situs of a tort is of course the 'proper law' to govern the liabilities and rights arising therefrom. If not liable by the *lex loci delicti*, the general rule is that the defendant will not be liable elsewhere. If liable by that law, he will usually be held liable wherever the question arises to the same extent as if he were sued in the *locus delicti* itself."

Under the law of Oklahoma, which fixes the liability of the defendants in this action, there was a joint cause of action against the insured and the insurer (to the extent of the insurance coverage), and as this is a transitory action the plaintiff should be allowed to enforce here the right of action conferred upon him by the laws of the state where he was injured.

I, therefore, dissent from the dismissal of the cause as to the insurance company; and am authorized to say that Justices HUMPHREYS and MEHAFFY concur in the views here expressed.