## STOCK YARDS BANK v. NATIONAL SURETY CORPORATION et al.

### No. 335.

District Court, W. D. Kentucky, at Louisville.

Dec. 1, 1941.

Allen, Dinning & Clarke, of Louisville, Ky., for plaintiff.

Booth & Booth, of Louisville, Ky., for defendant.

MILLER, District Judge.

This action is before the Court on plaintiff's motion to remand to the State Court.

The Stock Yards Bank of Louisville, a Kentucky corporation, filed this action in equity against the National Surety Corporation, incorporated under the laws of New York, and the Bonded Storage Company, a Kentucky corporation, seeking a judgment against both defendants for $12,500 representing the amount advanced by the bank to the contracting firm of Hays & Nicoulin for the payment of labor performed and materials furnished in the construction of a warehouse for the Bonded Storage Company. The contracting firm defaulted in the performance of its contract which the Surety Corporation completed. The unpaid balance under the contract was $29,856.28, of which amount the Bonded Storage Company paid the National Surety Corporation $28,356.28. The Bonded Storage Company still retains the remaining $1,500. The National Surety Corporation removed the action to the Federal Court, claiming that a separable controversy exists between it and the plaintiff to which the Bonded Storage Company is not a necessary party.

The Surety Corporation contends that since the Bonded Storage Company occupies the position of a stakeholder in this action, it is not a necessary party to the action. This is correct with respect to the $1,500 still retained by the Storage Company. If the litigation was limited to this amount, it would seem clear that the controversy between the plaintiff and the National Surety Corporation presents a separable controversy which was properly removed to the Federal Court. Farmers' Bank v. Hayes, 6 Cir., 58 F.2d 34; Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; Bacon v. Rives, 106 U.S. 99, 1 S.Ct. 3, 27 L.Ed. 69. The litigation, however, includes a claim to an additional $11,000 paid by the Bonded Storage Company to the National Surety Corporation. To that extent the Bonded Storage Company is not a stake-

holder and accordingly the above rule does not apply.

■ Plaintiff's petition prays for judgment against both defendants and each of them. "In determining removability the case must be deemed to be such as the plaintiff has in good faith made it in his petition. If the record discloses such good-faith assertion of a joint cause of action then such action is not separable and there can be no removal unless the claim of joint liability is obviously frivolous, specious, and unsound." Breymann v. Pennsylvania, O. & D. R. Co., 6 Cir., 38 F.2d 209, 210, and cases therein cited. See also Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 34 S. Ct. 278, 58 L.Ed. 544. The defendant Surety Corporation does not claim that the joinder of the Bonded Storage Company as a co-defendant is frivolous or not in good faith, but it does contend that the complaint does not present a case of joint liability and that the joinder is unsound and unauthorized. The defendant Surety Corporation contends that the plaintiff is suing the Bonded Storage Company in tort for a wrongful payment of the money to the Surety Corporation, and at the same time attempting to enforce against the funds in the hands of the Surety Corporation a contract right secured by a lien which it claims to have obtained under the doctrine of equitable subrogation. It relies upon the well settled rule of law that actions against one party sounding in tort and against another party sounding in contract involve separable controversies. Branchville Motor Co. v. American Surety Company, D. C., 27 F.2d 631; Hamilton v. Empire Gas & Fuel Co., 8 Cir., 297 F. 422; Chesapeake & O. R. Co. v. Patton, 146 Ky. 656, 143 S.W. 25; Foy-Proctor Co. v. Marshall & Thorn, 169 Ky. 377, 183 S.W. 940, L.R.A.1916F, 1036. I do not believe that the facts of the present case bring it within the scope of that rule. Plaintiff's action against the Storage Company is not an action in tort. It is an equitable action to enforce a right arising under the principle of subrogation. Movl Construction Co. v. Covington Trust & Banking Co., 258 Ky. 485, 80 S.W.2d 560; Southern Exchange Bank v. American Surety Company, 284 Ky. 251, 144 S.W.2d 203. The plaintiff's claim against the National Surety Corporation does not arise out of any contract between the plaintiff and that defendant. No contract existed between the plaintiff and the National Surety Corporation. The plaintiff, in its claim against the National Surety Corporation, is seeking to follow the property against which it has an equitable lien in the hands of the National Surety Corporation. Its claim is the same against both defendants; whether or not it has a right against either defendant must be determined in the first instance by the same facts. It would seem that both defendants are necessary parties in order to provide a complete determination of the question involved in the action. Their joinder as parties defendant is authorized by Section 23 of the Civil Code of Practice of Kentucky. The Supreme Court of North Carolina has held to the same effect in a case involving very similar facts. See Jackson County Bank v. Hester, 188 N. C. 68, 123 S.E. 308. Accordingly, I am of the opinion that the joinder of the two defendants was proper, and being so it necessarily defeats the right of removal to the Federal Court in that the necessary diversity of citizenship between the plaintiff and the defendants does not exist.

■■ The order of removal was entered by the Jefferson Circuit Court on August 6, 1941. The transcript of the record was filed in the Clerk's office of the U. S. District Court on August 28, 1941. No answer or pleading was filed by the defendant Surety Corporation until October 13, 1941, at which time the case was regularly called on the civil docket at the first term of court following its removal. Plaintiff contends that its motion to remand should be sustained as a matter of course, in that no pleading was filed by the defendant within the time provided by either Section 72, Title 28, U.S.C.A. or Rule 81(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Defendant contends that these statutory provisions are not mandatory upon the District Court and that the Court has the discretionary power to extend the time for the filing of a pleading by the defendant and to retain jurisdiction of the action. There is authority to that effect. See Ciccarello v. Joseph Schlitz Brewing Company, D. C., 1 F.R.D. 491; Brown v. Empire Gas & Fuel Co., D.C., 26 F.2d 100. Other courts have held the requirement to be mandatory and that the action must be remanded if not complied with. Virginia Bridge & Iron Co. v. United States Shipping Board Emergency Fleet Corp., D. C., 300 F. 249; Egger v. Julian Petroleum Corp., D.C., 22 F.2d 714. The Circuit Court of Appeals for this Circuit has held that upon a motion to remand

all doubt should be resolved in favor of re-mand, and jurisdiction retained only where it is clearly shown to exist. Breymann v. Pennsylvania O. & D. R. Co., supra, 38 F.2d 209, 212. See also Western Union Tele-graph Co. v. Louisville & N. R. Co., D. C., 201 F. 932, 945. Since the question of this Court's jurisdiction in the matter is a very doubtful one, as shown by the discussion of the question hereinabove, it would appear that the case is not one in which the time for pleading should be extended, even if the Court has the discretionary power to do so. See Wena Lumber Co. v. Continental Lumber Co., D.C., 270 F. 795.

Plaintiff's motion to remand to the Jef-ferson Circuit Court is sustained.